

ORDERED in the Southern District of Florida on November 3, 2011.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Zenaida Miranda

      Debtor.
_____/

Case No.: 11-31138-LMI
Chapter 13

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY

THIS CASE came to be heard on the 1st day of November, 2011 on the Debtors' *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 24; the "Motion"). Based upon the debtors' assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at 3164 W 72nd St., Hialeah, FL 33018, and more particularly described as

LOT 10, BLOCK 1, OF CANNON SUBDIVISION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 139, PAGE 54, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

is valued at $155,400.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Capital One Bank (USA, NA (the "Lender") is $272,298.00.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $0.

3. Because Lender's secured interest in the Real Property is $0, Capital One Bank (USA, NA's judgement recorded on July 29, 2011 at OR BOOK 27774 Page 2368 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

    ✓    Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    ___    Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court during the pendency of the instant bankruptcy.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Attorney is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.